USDC SDNY
DOCUMENT
ELE... ...LY FILED
DOC #
DATE FILED: 11-05-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

- v. -

DENIS SAVGIR,

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY
ORDER OF FORFEITURE
AS TO SPECIFIC PROPERTY

S6 17 Cr. 350 (LAP)

      WHEREAS, on or about January 11, 2018, DENIS SAVGIR (the "Defendant"), was charged in a three-count Superseding Information S6 17 Cr. 350 (LAP) (the "Information") with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit fraud relating to identification documents, in violation of Title 18, United States Code, Section 1928(f) (Count Two); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Three);

      WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962, as charged in Count One, b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct in violation of Title 18, United States Code, Section 1962, as charged in Count One, and c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One;

WHEREAS, the Information included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), of any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violation;

WHEREAS, on or about June 7, 2017, the Government seized the following items from the Defendant's residence:

1. Nine flash drives and five SD cards, assigned FBI inventory barcode number E6280667;

2. One LG cell phone model number LGMS323 bearing serial number 408CYKJ64174, assigned FBI inventory barcode number E6064108;

3. One Epson Perfection V500 photo scanner model number J251A bearing serial number K5W133694, assigned FBI inventory barcode number E6064104;

4. One Epson Perfection V600 photo scanner model number J252A bearing serial number LTYW187792, assigned FBI inventory barcode number E6064103;

5. One box containing one Akiles dual heat system laminator model number Pro-Lam Plus 330 bearing serial number 16070345, assigned FBI inventory barcode number E6064102;

6. One Epson Stylus photo printer R280 model number B412A bearing serial number K77K089269, assigned FBI inventory barcode number E6064101;

7. ~~One Corsair tower computer, black in color, custom made bearing number 0451154797112, assigned FBI inventory barcode number E6064099;~~ ACA

8. One HP Pavilion desktop model number A1510N bearing serial number CNH6252R98, assigned FBI inventory barcode number E6064098;

9. One Asus laptop model number U56E bearing serial number BCN0AS19208649G, assigned FBI inventory barcode number E6064097;

10. One HP Pavilion laptop model number G71 bearing serial number 3GF9386B72, assigned FBI inventory barcode number E6064096;

11. One Asus laptop model number X54C bearing serial number C2N0AS503609088, assigned FBI inventory barcode number E6064095;

12. One HP Pavilion 6 Series laptop model number HSTNN194C bearing serial number CNU1110F8C, assigned FBI inventory barcode number E6064094;

13. One Samsung keyboard and one Wacom tablet model number DTK1301, assigned FBI inventory barcode number E6064093;

14. One Canon printer model number MX922 bearing serial number ADWU14666, assigned FBI inventory barcode number E6064089;

15. One pink storage basket containing assorted cables, a Canon wax printer, assorted floppy disks, one label writer, and one Personal Digital Assistant ("PDA"), assigned FBI inventory barcode number E6064087;

16. One box containing one Fargo Card printer with feeder bearing serial number A8370224P, assigned FBI inventory barcode number E6064081;

17. One Epson Stylus Photo R280 printer bearing serial number K77K446803, assigned FBI inventory barcode number E6064080;

18. One black Canon Pro 10 printer bearing serial number QC52952DB0101, assigned FBI inventory barcode number E6064111;

(collectively, the "Specific Property");

WHEREAS, on or about January 11, 2018, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States: *1*) as to Count One of the Information, and pursuant to Title 18, United States Code, Section 1963, any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct in violation of Title 18, United States Code, Section 1962, as charged in Count One; and any property constituting, or

derived from, any proceeds obtained, directly or indirectly, from the racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One; and 2) as to Count Two, and pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the commission of the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the Specific Property, as property traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Andrew C. Adams and Andrew M. Thomas of counsel, and the Defendant, and his counsel, Todd Spodek, Esq., that:

1. As a result of the offense charged in Count One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific

Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, DENIS SAVGIR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's charged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering & Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, NY 10007.

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  11/25/2019
Andrew C. Adams/Andrew M. Thomas        DATE
Assistant United States Attorneys
One Saint Andrews Plaza
New York, NY 10007
(212) 637-2340/2106


DENIS SAVGIR

By: _____  11.25.19
DENIS SAVGIR                            DATE

By: _____  11/25/19
Todd Spodek, Esq.                       DATE
Attorney for Defendant

SO ORDERED:

_____  11/25/19
HONORABLE LORETTA A. PRESKA         DATE
UNITED STATES DISTRICT JUDGE